HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

WENDY DOUGLAS, et al.,

10                   Plaintiffs,                        CASE NO. C11-1475RAJ

11        v.                                            ORDER

12   RECONTRUST COMPANY, N.A.,

13                   Defendant.

14

## I.  INTRODUCTION

15

16        This matter comes before the court on a motion to dismiss from Defendant

17   ReconTrust Company, N.A. ("ReconTrust").  Dkt. # 17.  ReconTrust requested oral

18   argument; Plaintiffs did not.  The court finds oral argument unnecessary.  For the reasons

     stated below, the court GRANTS the motion.  That decision renders moot Plaintiffs'

19   motion to compel discovery and Plaintiffs' motion to certify a class, and the court

20   accordingly DENIES those motions.  Dkt. ## 19, 27.  Plaintiffs did not request leave to

21   amend their complaint, and the court accordingly directs the clerk to dismiss this case and

22   enter judgment for ReconTrust.

23                              ## II.  BACKGROUND

24        Plaintiffs Wendy Douglas, Birch and Danette Abraham, Ellen and Michael St.

25   John, and Donald and Melissa White are Washington homeowners whose homes have

26   been subject to foreclosure.  They own or owned their homes subject to a deed of trust, a

27

28   ORDER – 1

common mortgage instrument in Washington.  Each of them borrowed money from a lender to purchase a home, then, as the grantor of a deed of trust, conveyed the title to the home to a trustee, who held the title in trust for the lender, the trust's beneficiary.  *Bain v. Metro. Mortgage Group, Inc.*, 285 P.3d 34, 38 (Wash. 2012).  In Washington, the trustee has the power to conduct a non-judicial sale of the property if the homeowner defaults on the loan.  *Id.*  The Washington Deed of Trust Act, RCW Ch. 61.24, governs the rights and obligations of the parties to a deed of trust.

ReconTrust was (or perhaps still is, in some instances) the trustee for each of the Plaintiff homeowners.  According to Plaintiffs, ReconTrust is both a chartered national bank and a California corporation.  ¶¶ 2-3.[1]  ReconTrust apparently has no Washington offices or employees.

Plaintiffs' complaint is mostly unspecific as to what ReconTrust did with respect to their homes.  The only specific allegation is that ReconTrust "foreclosed upon/slandered (clouded) title to Wendy Douglas's residence" in July 2011.  ¶ 17.  ReconTrust has interpreted "foreclosed upon/slandered (clouded) title" to mean that Plaintiffs allege that ReconTrust completed the foreclosure process as to Ms. Douglas by selling her home at a trustee's sale.  ReconTrust does not dispute the allegation.  The complaint contains no specific allegations about the fate of the other Plaintiffs' homes.  ReconTrust, has, however, offered recorded documents demonstrating that it completed the foreclosure process by selling the St. Johns' home at a trustee's sale in 2011.  Devlin Decl. (Dkt. # 18), Ex. B (recorded trustee's deed).  As to the Whites' and Abrahams' homes, ReconTrust issued multiple notices of trustee's sales from 2009 through 2011, but cancelled all of those notices without completing the sales.  *Id.*, Exs. C-I (recorded notices).  Plaintiffs do not dispute that these documents accurately reflect ReconTrust's actions with respect to their homes.

[1] The court uses bare "¶" symbols to cite Plaintiffs' amended complaint.  Dkt. # 16.

ORDER – 2

1    Although Plaintiffs' complaint contains vague and conclusory allegations that

2    ReconTrust acted unlawfully, its only specific allegation of wrongdoing is that

3    ReconTrust failed to maintain a "physical presence" in Washington in accordance with

4    the Deed of Trust Act.  They point to RCW § 61.24.030, which states a series of

5    requisites to a trustee's sale.  Among them is the following requirement:

> [P]rior to the date of the notice of trustee's sale and continuing thereafter
> through the date of the trustee's sale, the trustee must maintain a street
> address in this state where personal service of process may be made, and
> the trustee must maintain a physical presence and have telephone service at
> such address . . . .

RCW § 61.24.030(6).  Plaintiffs allege that ReconTrust "failed to maintain the

statutorily-required physical presence in the State of Washington, with telephone service

at that address."  ¶ 18.  Plaintiffs admit, however, that ReconTrust has a registered agent

for service of process, "CT Corporation," with a street address in Olympia, Washington.

¶¶ 5-6.

       ReconTrust has moved to dismiss Plaintiffs' complaint for failure to state a claim

upon which the court can grant relief.

### III.  ANALYSIS

       ReconTrust invokes Federal Rule of Civil Procedure 12(b)(6), which permits a

court to dismiss a complaint for "failure to state a claim upon which relief can be

granted."  In considering whether a complaint states a claim, the court must assume the

truth of the complaint's factual allegations and credit all reasonable inferences arising

from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  The

plaintiff must point to factual allegations that "state a claim to relief that is plausible on

its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds,

the complaint avoids dismissal if there is "any set of facts consistent with the allegations

in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*,

556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court

ORDER – 3

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, but it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider facts subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**A.      The Court Declines to Decide Whether the National Banking Act Preempts Plaintiffs' Claim that ReconTrust Does Not Satisfy RCW § 61.24.030(6).**

ReconTrust asks the court to dismiss Plaintiffs' complaint because it contends that federal law preempts RCW § 61.24.030(6). ReconTrust is undisputedly a national bank, and is thus subject to the National Banking Act. 12 U.S.C. § 1 *et seq.* According to ReconTrust, the section of the National Banking Act that grants national banks authority to act in a fiduciary capacity in some instances (12 U.S.C. § 92a) preempts Washington's physical presence requirement for trustees conducting non-judicial sales of property subject to deeds of trust. In relevant part, § 92a provides as follows:

(a)      Authority of Comptroller of the Currency

The Comptroller of the Currency shall be authorized and empowered to grant by special permit to national banks applying therefor, when not in contravention of State or local law, the right to act as trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, assignee, receiver, committee of estates of lunatics, or in any other fiduciary capacity in which State banks, trust companies, or other corporations which come into competition with national banks are permitted to act under the laws of the State in which the national bank is located.

(b)      Grant and exercise of powers deemed not in contravention of State or local law

Whenever the laws of such State authorize or permit the exercise of any or all of the foregoing powers by State banks, trust companies, or other corporations which compete with national banks, the granting to and the exercise of such powers by national banks shall not be deemed to be in contravention of State or local law within the meaning of this section.

ORDER – 4

1  In ReconTrust's view, § 92a means that only the law of the state in which it is located can
2  limit its authority to act as a trustee.  In particular, it contends that § 92a preempts RCW
3  § 61.24.030(6).

4     ReconTrust's preemption argument presents a host of thorny legal questions.
5  There is virtually no precedent addressing the preemptive effect of § 92a.  There is a
6  relatively expansive body of precedent addressing the preemptive scope of the National
7  Banking Act generally.  *See generally*, *Barnett Bank, N.A. v. Nelson*, 517 U.S. 25 (1996);
8  *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1 (2007).  That authority acknowledges,
9  however, that courts must give effect to state laws that the Act expressly declines to
10  preempt.  *Barnett Bank*, 517 U.S. at 34.  Section 92a expressly gives effect to certain
11  state laws.  The Office of the Comptroller of Currency ("OCC"), the federal agency with
12  responsibility for chartering national banks and administering the National Banking Act,
13  has issued regulations that arguably interpret the preemptive scope of § 92a broadly.  12
14  C.F.R. § 9.7.  The OCC regulations, in turn, give rise to questions about the extent to
15  which this court must defer to them.  *See*, *e.g.*, *Aguayo v. U.S. Bank*, 653 F.3d 912, 920-
16  21 (9th Cir. 2011) (discussing scope of deference to OCC); *Watters*, 550 U.S. at 41
17  (Stevens, J., dissenting) (counseling against deference to OCC regulations on preemption
18  of state law); *Bell v. Countrywide Bank, N.A.*, No. 2:11-cv-271 BSJ, 2012 U.S. Dist.
19  LEXIS 35530, at *16-45 (D. Utah Mar. 15, 2012) (finding OCC's interpretation of § 92a,
20  as expressed in 12 C.F.R. § 9.7 and interpretive letters, to be unreasonable).

21     *Bell* is the last entry in a legal controversy in Utah's federal district court, a
22  controversy that illustrates the challenge inherent in deciphering the applicability of § 92a
23  and the OCC's regulations to state law governing foreclosures.  Utah's federal judges
24  have issued diverging opinions as to the effect of § 92a on a Utah law that permits only
25  Utah-licensed attorneys and title insurance companies to exercise the power of sale
26  arising from a Utah trust deed.  Utah Code Ann. § 57-1-21.  ReconTrust acts as a trustee

ORDER – 5

in Utah despite these restrictions, and has faced several lawsuits.  In many of those, it has advanced essentially the same preemption argument that it raises here.  The results have varied.  Several judges have held that federal law would preempt Utah law as long as title insurance companies and attorneys are properly deemed to be in "competition" with banks as subsections (a) and (b) of § 92a require.  *Cox v. ReconTrust*, No. 2:10-cv-492 CW, 2011 U.S. Dist. LEXIS 22157, at *8-17 (D. Utah Mar. 3, 2011); *Coleman v. ReconTrust*, No. 2:10-cv-1099 DB, 2011 U.S. Dist. LEXIS 138519, at *4 (D. Utah Oct. 4, 2011) (following *Cox*); *Loomis v. Meridas Capital, Inc.*, No. 2:11-cv-363 PMW, 2011 U.S. Dist. LEXIS 133459, at *4 (D. Utah Nov. 18, 2011) (same).  At least one judge held, relying in part on OCC regulations, that because ReconTrust performed its fiduciary functions in Texas, and Texas permitted banks to serve as trustees, Utah's restrictions were preempted.  *Garrett v. ReconTrust*, No. 2:11-cv-763 DS, 2011 U.S. Dist. LEXIS 153269, at *3-4 (D. Utah. Dec. 21, 2011).  Two other judges reached the same result, but also came to an alternate holding that even if Texas law did not govern, § 92a expressly preempted Utah's law because banks compete with title insurance companies and attorneys for the purpose of serving as a trust deed's trustee.  *Dutcher v. Matheson*, No. 2:11-cv-666 TS, 2012 U.S. Dist. LEXIS 16483, at *19-23 (D. Utah Feb. 8, 2012); *Baker v. BAC Home Loans Servicing, LP*, No. 2:11-cv-720 CW, 2012 U.S. Dist. LEXIS 18250, at *11-13 (D. Utah Feb. 13, 2012) (report and recommendation of magistrate judge following *Dutcher*).  Finally, as the court noted in the previous paragraph, one of the District of Utah's judges reached the conclusion that § 92a does not preempt Utah's law.  *Bell*, 2012 U.S. Dist. LEXIS 35530, at *45-47.  Among other things, the *Bell* court rejected at least one aspect of the OCC's expansive interpretation of § 92a as "fantasy." *Id.* at *40.

      For at least two reasons, it is inadvisable for this court to determine the preemptive effect of § 92a on Washington law.  To find a state law preempted by federal law is to

ORDER – 6

apply the Supremacy Clause of the United States Constitution to invalidate the state law. U.S. Const. Art. I, Cl. 2.  A preempted law is thus unconstitutional, at least in the circumstances where it is preempted.  *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 388 (2000).  Rule 5.1 of the Federal Rules of Civil Procedure requires a party to notify a state's attorney general of a constitutional challenge to a state statute.  There is no evidence that ReconTrust has notified the Washington Attorney General of its challenge.  Putting that aside, a court should avoid questions of constitutional dimension where other legal grounds will resolve a controversy.  *ACLU v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012).  In this case, for example, no party has addressed whether § 92a, which gives the OCC the power to authorize national banks to act in "fiduciary capacit[ies]," 12 U.S.C. § 92a(a), has any bearing on a national bank's authority to act as a trustee for a Washington deed of trust.  The Deed of Trust Act declares that Washington trustees "have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust," RCW § 61.24.010(3), although a trustee does have a "duty of good faith to the borrower, beneficiary, and grantor," RCW § 61.24.010(4).  This court, however, seizes on a different threshold question, one that does not rely on § 92a or any federal law: whether ReconTrust has actually violated RCW § 61.24.030(6).  ReconTrust scarcely mentioned the issue, although it has refused to concede that it actually violates this statute.  Plaintiffs, however, addressed the issue in their opposition brief.

**B.     Plaintiffs' Complaint and Facts Subject to Judicial Notice Show that ReconTrust Satisfies the Requirements of RCW § 61.24.030(6).**

The Deed of Trust Act only requires that the trustee have a "street address" in Washington for service of process, a "physical presence" at that address, and "telephone service" at that address.  RCW § 61.24.030(6).  Moreover, the trustee need only maintain a street address, "physical presence," and telephone number from any date prior to the notice of trustee's sale through the date of the sale.  *Id.*

ORDER – 7

1    Based on Plaintiffs' allegations and facts subject to judicial notice, ReconTrust has

2    satisfied RCW § 61.24.030(6).  Plaintiffs admit that ReconTrust has an agent for service

3    of process and that the agent has a street address in Olympia.  ¶¶ 5-6.  Plaintiffs

4    simultaneously allege that ReconTrust "failed to maintain the statutorily-required

5    physical presence in the State of Washington, with telephone service at that address."

6    ¶ 18.  The latter allegation, however, is in part a legal conclusion and in part an allegation

7    that contradicts facts subject to judicial notice.  Plaintiffs apparently contend that despite

8    ReconTrust appointing an agent with a Washington street address to receive process, it

9    lacked a physical presence.  Plaintiffs do not explain their belief.  They do not assert, for

10   example, that ReconTrust's agent maintained a street address but had no representatives

11   physically present to receive process.  They do not assert that the agent was absent from

12   the Olympia address at any relevant time.  They seem to simply believe that RCW

13   § 61.24.030(6) requires the physical presence of the trustee itself, not merely an agent

14   whom the trustee designates.  As the court will soon discuss, it finds this belief

15   inconsistent with the plain meaning of the statute.

16   As to telephone service, the court takes judicial notice of the recorded notices of

17   trustee's sales that ReconTrust issued to the Whites and Abrahams.  Four of them provide

18   a telephone number for CT Corporation System, ReconTrust's Olympia agent for service

19   of process.  Devlin Decl., Exs. D, E, G, H.  Plaintiffs' conclusory allegation that

20   ReconTrust's agent had no telephone number is implausible in light of these judicially

21   noticeable facts.  An older notice targeted at the Abrahams lists Corporation Services

22   Company as ReconTrust's agent for service of process at a different Olympia address, but

23   does not provide a telephone number.  *Id.*, Ex. C.  The Deed of Trust Act does not require

24   the trustee to list its agent's phone number in a notice of a trustee's sale.  It would be

25   unusual, of course, for a business with a street address in Washington not to have a

26   telephone number.  The court need not speculate, however, because it takes judicial

27

28   ORDER – 8

notice of the fact that the DEX telephone directory for Olympia provided a telephone number for Corporation Services Company in at least 2006, 2009, and 2010.  On these judicially noticeable facts, it would be implausible to conclude that ReconTrust's Washington agents lacked telephone numbers at all relevant times.

Plaintiffs point to the legislative history of RCW § 61.24.030(6).  The court finds no need to consider the legislative history, because it finds the plain meaning of the statute to be unambiguous.  The statute does not suggest that it is impermissible for a trustee to satisfy the physical presence requirement by designating an agent in Washington.  But even if the court were to consider the statute's legislative history, Plaintiffs would fare no better.  The history they cite merely suggests that the legislature wished to ensure that Washington homeowners facing foreclosure had physical and telephone access to their trustee in the state.  Nothing in the legislative history suggests that trustee is prohibited from designating an in-state agent to provide that physical presence.[2]  The court observes, moreover, that Plaintiffs have offered no allegations to suggest that they (or anyone else) was at a disadvantage because ReconTrust designated an in-state agent to satisfy its obligations under RCW § 61.24.030(6).

## C. Plaintiffs Have Articulated No Claim That Does Not Depend On a Violation of RCW § 61.24.030(6).

It is difficult to discern whether Plaintiffs believe that they have any claims that do not depend on their assertion that ReconTrust violates RCW § 61.24.030(6).  Regardless, the court finds nothing in Plaintiffs' complaint that would put ReconTrust on notice of any other claim.  Plaintiffs did not request leave to amend their complaint.

---

[2] If easier access to lenders was the legislature's goal, then it is difficult to imagine that the legislature would have disapproved of ReconTrust's designation of an agent in Olympia.  Nothing would prevent a trustee, for example, from being physically present at an address in Ione, a town in the remote northeast corner of Washington.  That would seem much less convenient for most Washingtonians than the Olympia address that ReconTrust chose.  The court observes, moreover, that Plaintiffs have offered no allegations to suggest that they (or anyone else) was at a disadvantage because ReconTrust designated an in-state agent to satisfy its RCW § 61.24.030(6) obligations.

ORDER – 9

Because Plaintiffs have no claims remaining, the court need not consider the two motions they filed.  In one, they sought to certify a class of about 18,000 Washingtonians for whom ReconTrust serves as trustee.  In the other, they sought discovery to help them identify potential class members.  Both motions are moot in light of the court's disposition today.

## IV.   CONCLUSION

For the reasons previously stated, the court GRANTS ReconTrust's motion to dismiss (Dkt. # 17) and DENIES Plaintiffs' motions (Dkt. # 19, 27) as moot.  The court directs the clerk to dismiss this case with prejudice as to Plaintiffs' claim that ReconTrust violated RCW § 61.24.030(6), but without prejudice to any other claim.  The court has expressly declined to decide whether judicial estoppel prevents any Plaintiff from raising a claim against ReconTrust that they did not disclose in bankruptcy proceedings.  The clerk shall enter judgment for ReconTrust.

DATED this 9th day of November, 2012.


_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 10