HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WENDY DOUGLAS, et al.,

        Plaintiffs,

   v.

RECONTRUST COMPANY, N.A.,

        Defendant.

CASE NO. C11-1475RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the court on Plaintiff Wendy Douglas's motion to file an amended complaint.  No one requested oral argument, and oral argument is unnecessary.  For the reasons stated herein, the court DENIES the motion (Dkt. # 45) and directs the clerk to dismiss this case with prejudice as to any claim predicated on the physical presence requirement of RCW 61.24.030(6), but without prejudice as to any other claim.

## II.  DISCUSSION

This case began as an effort by seven homeowners (an individual and three couples) to win damages after Defendant ReconTrust, N.A. acted as the trustee foreclosing the deeds of trust securing their homes (or at least initiating the foreclosure process).  In two orders late last year, the court rejected Plaintiffs' claim based on the Washington Deed of Trust Act's physical presence requirement for trustees.  RCW 61.24.030(6).  Plaintiffs asked for leave to file an amended complaint, ReconTrust did

ORDER – 1

1    not object, and the court granted leave, subject to the condition that Plaintiffs not attempt

2    to restate a claim based on the physical presence requirement.  The court required

3    Plaintiffs to either obtain ReconTrust's consent to an amended complaint or file a motion

4    to amend.

5         What followed was a motion to amend, accompanied by a proposed second

6    amended complaint.  Dkt. # 43-1.  Although the proposed complaint occasionally refers

7    to "plaintiffs," e.g. ¶¶ 1, 10, it names only a single Plaintiff, Wendy Douglas.  The

8    complaint reveals almost nothing about her.  She lives in Washington (¶ 1) and

9    ReconTrust foreclosed on her home (¶¶ 10, 14).  Putting aside generic allegations about

10   her suitability to serve as a class representative, the complaint is otherwise silent about

11   what happened to her.

12        ReconTrust, according to the complaint, breached its duty to be "neutral and

13   independent while acting as a foreclosure trustee . . . ."  ¶ 16.  That is the sole allegation

14   of wrongdoing.  There are no allegations explaining how ReconTrust breached a duty that

15   it owed to Ms. Douglas, because there are no allegations describing Ms. Douglas's

16   interaction with ReconTrust.  The sole cause of action that the complaint purports to raise

17   is one based on the Washington Consumer Protection Act (RCW Ch. 19.86, "CPA").

18        Rule 15(a)(2) of the Federal Rules of Civil Procedure mandates that a court "freely

19   give leave [to amend a complaint] when justice so requires."  That statement embodies a

20   "very liberal" policy in favor of amendment.  *AmerisourceBergen Corp. v. Dialysist*

21   *West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  The policy is not without limits, however.

22   Among other things, a court should not grant leave to amend where the amendment

23   would be futile.  *Id.*

24        Ms. Douglas's proposed amended complaint is futile.  It does not state a CPA

25   claim.  To state a CPA claim, she would have to allege not only that ReconTrust violated

26   the CPA, but that ReconTrust's violation caused her an injury.  *Klem v. Wash. Mut. Bank*,

27

28   ORDER – 2

295 P.3d 1179, 1185, 1191 (Wash. 2013).  Here, Ms. Douglas has not even succeeded in stating a CPA violation.  Her complaint relies on wholly conclusory allegations that ReconTrust violated its duty "to serve as a neutral and independent foreclosure trustee." ¶ 17.  These are emblematic of the "unadorned, the-defendant-unlawfully-harmed me accusation[s]" that fail to state any claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In her motion to amend, Ms. Douglas at least elaborates on how ReconTrust violated the CPA.  She explains that ReconTrust is a subsidiary of Bank of America, and that ReconTrust thus deferred entirely to Bank of America in foreclosures of Washington deeds of trust in which Bank of America was the beneficiary.  That practice at least has the potential to be unlawful, as the Washington Supreme Court explained in *Klem*. There, the court held that "the practice of a trustee in a nonjudicial foreclosure deferring to the lender on whether to postpone a foreclosure sale and thereby failing to exercise its independent discretion as an impartial third party with duties to both parties is an unfair or deceptive act or practice and satisfies the first element of the CPA."  *Klem*, 295 P.3d at 1190.

What is missing, both in Ms. Douglas's proposed complaint and in her motion to amend, is any allegation that ReconTrust breached any duty *to her*, and thus caused *her* harm.  A plaintiff cannot base a CPA claim solely on a violation of the law, she must also show that the violation caused her an injury.  *Klem*, 295 P.3d at 1191.  There is no allegation, for example, that Ms. Douglas requested a postponement of the trustee's sale of her property and ReconTrust declined that request by improperly deferring to a beneficiary to whom it was beholden.  There is, as the court has explained, no allegation whatsoever about what ReconTrust did to Ms. Douglas, beyond the bare fact that it acted as the trustee in a foreclosure sale of her home.  Ms. Douglas's motion to amend is notable in that it contains no allegations whatsoever about her.  When ReconTrust pointed out the absence of any allegation that its alleged wrongdoing had caused Ms.

ORDER – 3

Douglas harm, she responded in her reply brief that the mere fact that ReconTrust foreclosed on her home suffices to state a CPA claim.  Pltf.'s Reply (Dkt. # 52) at 5.  Ms. Douglas is mistaken.

### III.  CONCLUSION

For the reasons stated above, the court concludes that Ms. Douglas's proposed amended complaint fails to state a claim, and thus it would be futile to grant her leave to amend.  The court accordingly DENIES her motion for leave to amend.  Dkt. # 45.

The court directs the clerk to DISMISS this action.  That dismissal is with prejudice as to Plaintiffs' claims based on the physical presence requirement of the Deed of Trust Act, but without prejudice as to any other claim.  The clerk shall enter judgment for Defendant.

DATED this 25th day of September, 2013.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4